United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Cristian Adoney Maldonado Estevez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2739 |
| | § | |
| Martin Frink, | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Cristian Adoney Maldonado Estevez is a native and citizen of Honduras who concedes that he unlawfully entered the United States in 2019. Docs. 1 ¶¶ 4 , 12, 8-1. On March 26, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Houston Contract Detention Facility. Docs. 1 ¶ 6, 8 at 1. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) due process[1] and (iii) the Immigration and Nationality Act.

Now before the Court is Respondent's Motion to Dismiss, and in the Alternative, For Summary Judgment, Doc. 8. Petitioner filed a Statement in Support of Petition, Doc. 7, immediately after the Court ordered briefing from the parties, Doc. 6. However,

---

[1] The Petition does not specify whether Petitioner contends that his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 ¶¶ 23–31. The Court will construe the Petition liberally and assume Petitioner raises both types of due process challenges.

Petitioner has not responded in opposition to Respondent's Motion.[2] Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 8 at 3; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Court construes Petitioner's failure to respond as a representation of non-opposition to Respondents' Motion for Summary Judgment

Even if the Motion were opposed, this Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[3]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be

---

[2] Respondent represents that it served the Motion on all attorneys of record via ECF on June 22, 2026. Doc. 8 at 17. But Petitioner proceeds here *pro se*. *See* Doc. 1. Respondent is cautioned that the Court would ordinarily demand further briefing regarding service. However, because the Petition's claims are facially foreclosed by prior decisions of this Court, the Court will refrain from doing so in this instance.

[3] To the extent Petitioner argues his present detention constitutes "arbitrary and capricious" government action violative of the Due Process Clause, *see* Doc. 1 at 5, the Court also considered and rejected this argument. *See Campos Bernal*, 2026 WL 1804234 at *4 n.4.

entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

Nicholas J. Ganjei
United States District Judge